**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEAN DALALY, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 15 C 6025 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Dean Dalaly's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Dalaly's § 2255 motion as untimely and on the merits. The Court also declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**PROCEDURAL BACKGROUND**

On May 18, 2011, a grand jury returned an indictment charging Dalaly and his co-defendants with conspiracy and multiple substantive counts related to a credit card fraud scheme. Specifically, Dalaly was charged with conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count One); access device fraud in violation of 18 U.S.C. § 1029(a)(2) (Count Three); possession of device-making equipment with the intent to defraud in violation of 18 U.S.C. § 1029(a)(4) (Count Four); and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Six). On October 30, 2013, Dalaly entered a blind plea of guilty to Counts Three and Six of the indictment. On March 20, 2014, the Court sentenced Dalaly to 28 months in prison, plus three years of supervised release. Dalaly did not appeal his conviction or

sentence. Dalaly's § 2255 motion is postmarked July 6, 2015.

## ANALYSIS

**I.      Statute of Limitations – 28 U.S.C. § 2255(f)(1)**

Respondent first argues that Dalaly's § 2255 motion is untimely under the one-year statute of limitations. *See* 28 U.S.C. § 2255(f)(1). In general, a federal prisoner has one year from the date on which his judgment became final to file a § 2255 motion. *See Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Latham v. United States,* 527 F.3d 651, 651 (7th Cir. 2008); 28 U.S.C. § 2255(f)(1). A judgment is "final" for purposes of § 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *See Clay,* 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

Dalaly did not file a notice of appeal, and thus he did not have the right to file a writ of certiorari because he was never "in" the Court of Appeals. *See Latham,* 527 F.3d at 652-53; 28 U.S.C. § 1254. Therefore, Dalaly's one-year limitations period began to run fourteen days after the Court entered judgment, namely, the time in which he was required to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b). *See Clark v. United States,* 703 F.3d 1098, 1100 (7th Cir. 2013). Because the Court entered judgment on March 24, 2014, Dalaly's judgment became final fourteen days later on April 7, 2014. As such, Dalaly had until one year later to file the present § 2255 motion, namely, April 8, 2015. *See* Fed.R.Civ.P. 6(a)(1)(A) ("exclude the day of the event that triggers the period"). Dalaly's § 2255 motion was postmarked on July 6, 2015, and thus it is untimely under the one-year limitations period.

Because § 2255's statute of limitations is not a jurisdictional limitation, it can be tolled. *See Estremera v. United States,* 724 F.3d 773, 775 (7th Cir. 2013); *Clark,* 703 F.3d at 1101. Specifically, the one-year limitations period is subject to equitable tolling, which courts grant only if extraordinary circumstances beyond the petitioner's control prevented him from the timely filing of his § 2555 motion. *See Holland v. Florida,* 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). "Under equitable tolling principles, a petitioner need not count the time during which he (1) pursues his rights diligently, and (2) 'some extraordinary circumstance stood in his way and prevented timely filing.'" *Gladney v. Pollard*, ___ F.3d. ___, 2015 WL 5026075 (7th Cir. Aug. 26, 2015) (citation omitted). "Equitable tolling is an extraordinary remedy" and "is rarely granted." *Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013).

Construing his pro se filings liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), Dalaly asserts that the Court should equitably toll the one-year limitations period because he originally filed his § 2255 motion on January 19, 2015, but due to a clerical or typographical error, the Clerk's Office never received his original motion. A clerical or typographical error, although unfortunate, does not warrant equitable tolling. *See Smith v. Northwestern Mem'l Hosp.*, No. 10 C 5316, 2011 WL 5025240, at *4 (N.D. Ill. Oct. 17, 2011); *see also Warren v. Milyard,* 427 Fed.Appx. 670, 673 (10th Cir. 2011). Nevertheless, for the sake of completeness, the Court turns to the merits of Dalaly's § 2255 motion.

**II.   Merits Analysis**

In his § 2255 motion, Dalaly seeks to re-open his sentencing under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. Amendment 782 relates to recent

3

amendments to the Sentencing Guidelines involving base level offenses assigned to drug quantities in U.S.S.G. § 2D1.1. *See United States v. Nichols,* 789 F.3d 795, 796 (7th Cir. 2015); *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015). In other words, Amendment 782 concerns narcotics offenses and not the offenses to which Dalaly pleaded guilty, namely, aggravated identity theft and access device fraud. Because Dalaly's attempt to re-open his sentencing is untenable under the circumstances, the Court denies Dalaly's § 2255 motion.

## III.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Dalaly a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have an absolute right to appeal a district court's denial of a § 2255 motion, rather, he must first request a certificate of appealability ("COA"). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *see also* 28 U.S.C. § 2253(b). Dalaly is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *White v. United States,* 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Dalaly must demonstrate that reasonable jurists would find the Court's assessment of his § 2255 claims debatable or wrong. *See Miller-El,* 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, the Court can find no reason why reasonable jurists would debate or disagree with

the Court's ruling that Dalaly's § 2255 motion was untimely and not subject to equitable tolling. Further, jurists of reason would not debate or disagree with the Court's conclusion that Amendment 782 to the Sentencing Guidelines does not apply to Dalaly's convictions. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Dalaly's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). **Dated:** September 8, 2015

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**